J-A27044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| NICHOLAS RAY HUFFMAN | : | |
| Appellant | : | No. 361 MDA 2022 |

Appeal from the Judgment of Sentence Entered January 31, 2022
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0000417-2021

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| NICHOLAS RAY HUFFMAN | : | |
| Appellant | : | No. 362 MDA 2022 |

Appeal from the Judgment of Sentence Entered January 31, 2022
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0000418-2021

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| NICHOLAS HUFFMAN | : | |
| Appellant | : | No. 363 MDA 2022 |

Appeal from the Judgment of Sentence Entered January 31, 2022
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0000501-2019

J-A27044-22

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED:  JANUARY 6, 2023**

Appellant, Nicholas Ray Huffman, appeals the judgments of sentence imposed following a revocation of probation in each of the underlying matters. He challenges the discretionary aspects of his sentence.  Upon review, we affirm.

At 10:57 p.m. on December 2, 2018, Chambersburg police officers responded to a report of an active domestic dispute at the home of Appellant's parents.   Affidavit of Probable Cause for Criminal Complaint, CP-28-CR-000501-2019, 12/6/18.   Appellant's mother alleged that he pushed her, causing her to strike her head on a small dresser, and then struck her four to five times on the left side of her head.  *Id.*  Appellant then tried to grab his sister before his father intervened.  *Id.*  Appellant's other sister made a five-minute recording of the dispute in which Appellant stated, "I will kill everybody if you call the cops," and admitted to pushing his mother.  *Id.*

On October 28, 2019, Appellant pleaded guilty to terroristic threats as a misdemeanor of the first degree and simple assault as a misdemeanor of the second degree at CP-28-CR-0000501-2019.[1]  Written Guilty Plea Colloquy, CP-28-CR-0000501-2019, 10/28/19, 2.  The parties left the sentence to the discretion of the court but agreed that the terms for each count would be

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  18 Pa.C.S. §§ 2706(a)(1) and 2701(a)(1), respectively.

- 2 -

designated to run concurrently and that the Commonwealth would "stand silent" at the time for recommendations at a deferred sentencing hearing. ***Id.*** On December 18, 2019, the court adopted Appellant's sentencing recommendation and imposed concurrent terms of twenty-four months' probation.[2]    Sentencing Orders, CP-28-CR-0000501-2019, 12/18/19; Appellant's Pre-Sentence Memorandum, CP-28-CR-0000501-2019, 12/9/19, 5.

On February 24, 2021, Appellant's probation officer notified the court of an impending violation of probation hearing. The alleged violations included that: (1) home visits resulted in the conclusion that Appellant had not been there for days and his whereabouts were unknown; (2) Appellant had admitted to daily heroin use for a two-week period; (3) Appellant left an in-patient treatment program after six days even though he was ordered to attend treatments until he was successfully discharged; (4) Appellant failed to report a change of address to his probation officer; (5) Appellant failed to provide documentation for completion of a mental health evaluation; and (6) Appellant failed to provide acceptable proof of employment. Gagnon II Notice, 2/24/21, 1-2.

---

[2] The offenses had offense gravity scores of three and Appellant had a prior record score of zero. Pennsylvania Commission on Sentencing Forms, CP-28-CR-0000501-2019, 1/28/20, 1-2; 204 Pa. Code § 303.15 (offense listing; 7th ed. amend. 4). Accordingly, the Sentencing Guidelines recommended minimum sentences of restorative sanctions to one month of imprisonment, plus three months for aggravating circumstances. 204 Pa. Code § 303.16(a) (basic sentencing matrix; 7th ed. amend. 4).

Appellant was subsequently charged with new offenses committed on April 2, 2021. The Pennsylvania State Police responded to a report that Appellant had used a victim's debit card without authorization to withdraw $100 from an automated teller machine at a Sheetz store. Affidavit of Probable Cause for Criminal Complaint, CP-28-CR-0000417-2021, 4/3/21, 1-2. The victim informed the police that Appellant was inside her residence and appeared to "be under the influence." *Id.* at 1. A minor in the victim's home related that she observed Appellant's use of the debit card. *Id.* She also related that she observed him "buy drugs" at a Dollar Tree store. *Id.* Appellant allegedly admitted the allegations to a responding trooper, agreeing that he purchased heroin from his "usual drug dealer" to support his ongoing addiction. *Id.* at 2. When Appellant was subsequently processed in a Franklin County jail, a jail officer seized a capsule of suspected fentanyl from him. Affidavit of Probable Cause for Criminal Complaint, CP-28-CR-0000418-2021, 1.

On May 20, 2021, Appellant pleaded guilty to access device fraud as a misdemeanor of the first degree at CP-28-CR-0000417-2021, and knowing or intentional possession of a controlled substance (fentanyl/Schedule II narcotic) as an ungraded misdemeanor at CP-28-CR-0000418-2021.[3] Order, CP-28-CR-0000417-2021, 5/20/21, 1; Order, CP-28-CR-0000418-2021, 5/20/21, 1. In exchange for the pleas, the Commonwealth agreed to *nolle*

---

[3] 18 Pa.C.S. § 4106(a)(1) and 35 P.S. § 780-113(a)(16), respectively.

*prosse* additional charges, recommend concurrent sentences of thirty-six months' restrictive probation with time served for access device fraud and twelve months' restrictive probation with time served for the controlled substance charge, and recommend probation revocation sentences of thirty-six months' restrictive probation with time served for terroristic threats and twenty-four months' restrictive probation with time served for simple assault. Written Guilty Plea Colloquies, CP-28-CR-0000417-2021 & CP-28-CR-0000418-2021, 1-2. On the same date, the court revoked Appellant's probation at CP-28-CR-0000501-2019, and imposed the agreed-upon terms of probation.[4] Sentencing Orders, CP-28-CR-0000501-2019, CP-28-CR-0000417-2021 & CP-28-CR-0000418-2021, 5/20/21, 1; Order of Court, CP-28-CR-0000501-2019, 5/20/21, 1.

---

[4] With respect to the new offenses, Appellant had a prior record score of one and offense gravity scores of four for access device fraud and three for knowing or intentional possession of a controlled substance. Pennsylvania Commission on Sentencing Forms, CP-51-CR-0000417-2021, 8/19/21, 1; Pennsylvania Commission on Sentencing Forms, CP-51-CR-0000418-2021, 8/19/21, 1; 204 Pa. Code § 303.15 (offense listing; 7th ed. amend. 6). The Sentencing Guidelines recommended minimum sentences of restorative sanctions to nine months' imprisonment, plus three months for aggravating circumstances, for access device fraud and restorative sanctions to six months' imprisonment, plus three months for aggravating circumstances, for knowing or intentional possession of a controlled substance. 204 Pa. Code § 303.16(a) (basic sentencing matrix; 7th ed. amend. 6).

Newly adopted resentencing guidelines at 204 Pa. Code § 307 did not apply for purposes of the resentencing at CP-28-CR-0000501-2019 because the offenses in that matter were committed prior to January 1, 2020. **See** 204 Pa. Code § 307.2(b).

On October 19, 2021, Appellant's probation officer notified the court of another impending violation of probation hearing. The alleged grounds for the violation were that: (1) Appellant was unsuccessfully discharged from a court-ordered inpatient drug and alcohol treatment program on August 2, 2021; (2) Appellant was unsuccessfully discharged from a different drug and alcohol treatment program on September 14, 2021; and (3) Appellant was unsuccessfully discharged from the Good Wolf Treatment Court on September 17, 2021.[5] Notification of Hearing, 10/19/21, 1. Present counsel was subsequently appointed due to a conflict of interest. Order of Court, 10/22/21, 1.

At the ensuing hearing, Appellant waived a hearing on the determination of a probation violation and admitted that he was unsuccessfully discharged from inpatient drug and alcohol treatment programs at Concept 90 and Pyramid Bellevue, and was unsuccessfully discharged from the Good Wolf Treatment Court. N.T. 1/31/22, 4-5. On that basis, the court found him in violation of his probation, and proceeded to resentence him. *Id.* at 5-6. The court imposed twelve to sixty months' imprisonment for terroristic threats and concurrent imprisonment terms of six to twenty-four months for simple assault, six to twenty-four months for access device fraud, and three to twelve

---

[5] The Good Wolf Treatment Court is Franklin County's "specialty court for defendants whose criminal behavior evolved from addiction to controlled substances or alcohol." Revocation Court Opinion, 3/29/22, 2 n.2.

months for knowing or intentional possession of a controlled substance.[6] *Id.*

at 23-25; Sentencing Orders, 1/31/22.

The court prefaced the imposition of the sentence with the following

remarks:

> THE COURT: All right. The record should reflect the Court has taken several minutes here to fashion the sentences to be imposed. We have previously reviewed prior to the hearing, the intermediate violation summary sheet and the attachments hereto.
>
> We are familiar with the Defendant's participation in the Good Wolf Treatment Court as we are the primary judge presiding over the Good Wolf Treatment Court. We are also aware of his progress or lack thereof in the program as we were -- the judge that terminated the Defendant's participation in the Good Wolf Treatment Court as reflected in the packet.
>
> Mr. Huffman, your attorney has pointed out some legal precepts in your case. We are generally aware of those.
>
> First, the statute cited by your attorney appropriately dealing with the considerations for the Court when any sentence of total confinement is considered after a representation of probation. Those consideration[s] are whether the Defendant has been convicted of another crime or the conduct of the Defendant indicates that it is likely that he will commit another crime if he is not in prison or such sentence is essential to [v]indicate the

---

[6] The resentencing guidelines did not apply to Appellant's convictions for terroristic threats and simple assault because those crimes occurred prior to January 1, 2020. 204 Pa. Code § 307.2 (amend. 1). Those guidelines applied to the remaining offenses and recommended the same terms as the initial sentencing guidelines for technical probation violations: minimum sentences of restorative sanctions to nine months' imprisonment, plus three months for aggravating circumstances, for access device fraud and restorative sanctions to six months' imprisonment, plus three months for aggravating circumstances, for knowing or intentional possession of a controlled substance. 204 Pa. Code § 307.3(a) (amend. 1). The new terms for those offenses was thus within the recommended guideline ranges.

authority of the Court, which I don't believe there is any dispute that you have not been convicted of a new offense.

So the question for the Court is whether we can find that your conduct indicates that it is likely that you will commit another crime if you are not in prison -- and/or the sentence of total confinement is necessary to [v]indicate the authority of the Court.

We listened intently to your statement. And what I listen for, particularly when Defendants have written something out, as I often tell participants in the Good Wolf Treatment Court is because writing is a deliberative process. It takes time. You must think about what you are saying, what you are trying to communicate. And it affords you an opportunity to really think about what you are saying.

So when I have Defendants come before me whether it is Good Wolf Treatment Court or any other type of proceeding and have something written out, I listen very intently because that is the best insight into what you are thinking because you have to take time. You have to take time to write and deliberate upon what you wanted to say.

And of particular interest to me in what you wrote is a couple of things. The first of which is I did not hear to any great extent words of contriteness, words of understanding, words of acceptance, words of realization. And I took notice of that because what appears to be lost on you, Mr. Huffman, is the common denominator in the problems in your life is you. You have your own particular view of what happened and then in an isolated circumstance that view may be just as likely as any other to be true.

But the more circumstances in which you find yourself having problems, the less likely it is that is some external factor as opposed to an internal factor because you are becoming the common denominator to the problems that you have.

The question that's outstanding, one that your attorney has raised, is whether that is due to some mental health issues that remain unaddressed or not fully addressed or whether it is some nefarious or other deliberative or intentional conduct on your part that can only be remedied by total confinement.

But something else you said sort of gave me the clue to the answer to that. You mentioned several times that during the course of your struggle with addiction you had a girlfriend, she became your fianc[é], and you were attempting either intentional or through not taking proactive prophylactic measures to have a child. Unfortunately, that didn't -- it doesn't sound like that occurred.

But what that made me think about is what would possess a person in your circumstances to do that?

I cannot imagine having such a lack of insight, lack of judgment -- you are in the throws of addiction and you are trying to create a new life that you are going to be responsible for? That is an astounding lack of judgment. Absolutely astounding that you think either -- and maybe you weren't trying to have a baby, but obviously you weren't taking steps to prevent it, which is another astounding lack of judgment. You are in no way, shape or form in a position to be a parent. You would be responsible for an absolute defenseless child while you yourself were under the control of a drug.

Astounding lack of judgment.

And that tells me with some degree of confidence that you are just not interested in release -- getting released from the addiction you suffer from. It is just astounding to me. Your issues at Concept 90 and Pyramid Bellevue stem in no small part from issues with authority. That goes -- strikes at the heart of the elements of 9771 whether your conduct indicates that it is likely that you will commit a new offense if you are not incarcerated. Everything that I have heard leads me to that conclusion.

The recommendation of the adult probation department is properly more lenient than it should be. You are in front of the Court to be resentenced on four different offenses ranging from financial crimes, access device fraud, to drug offenses, simple possession, to violent conduct, simple assault and terroristic threats. You violated just about every general criminal crimes – criminal offenses we have financial, drugs, and violence.

Your conduct since being convicted and being under the sentence and jurisdiction of the Good Wolf Treatment Court does not provide any confidence that you are in the process of reformation, let alone rehabilitation, and living a life of nondrug use.

So even though we find the recommendation to be lenient, we will accept it. Recognizing that it is not entirely clear whether all of your problems result from your selfish desires or whether they result from true mental health issues. It is quite clear that both are playing a role of some type and it is not at all reasonable to lay it entirely on your mental issues.

N.T. 1/31/22, 18-22. Appellant timely filed separate notices of appeal in each of the underlying matters. Notices of Appeal, 2/25/22. This Court later granted Appellant's motions to consolidate these appeals. Superior Court Order, 8/11/22.

Appellant presents the following question for our review:

Did the trial court abuse its discretion by issuing sentences of total confinement to a state correctional institution in contravention of 42 Pa.C.S. §[ ]9771, which requires a finding that Appellant[:] (1) committed another crime[;] (2) be likely to commit a crime if not imprisoned[;] or (3) be committed to prison to vindicate the authority of the court?

Appellant's Brief at 8.

Appellant asserts that the revocation court abused its discretion by imposing an imprisonment term based on its finding, for purposes of 42 Pa.C.S. § 9771(c), that he was likely to commit another crime if he is not imprisoned. Appellant's Brief at 12-19. In particular, he cites the court's comments about his lack of judgment with respect to his efforts at procreation during his addiction to drugs as proof that the court was biased against him. *Id.* at 14-16. Additionally, he asserts that the court improperly discounted the role that mental health issues played in his failure to address his addiction

- 10 -

problem. *Id.* at 16-18. We are obligated to find this claim unreviewable due to Appellant's failure to preserve it before the trial court.

A claim that a probation revocation court erred in imposing a sentence of imprisonment without finding a quantum of evidence in support any of the § 9771(c) factors implicates the discretionary aspects of a sentence. *See Commonwealth v. Schutzues*, 54 A.3d 86, 98 (Pa. Super. 2012) ("[C]hallenges under § 9771(c) are not among the narrow class of issues that implicate the legality of a sentence. Simply put, if a defendant believes that the record is devoid of evidence supporting total confinement under § 9771(c), he must preserve that argument as a challenge to the discretionary aspects of the sentence."); *see also Commonwealth v. Cartrette*, 83 A.3d 1030, 1041 (Pa. Super. 2013); *Commonwealth v. Malovitch*, 903 A.2d 1247, 1250-51 (Pa. Super. 2006); *Commonwealth v. Ferguson*, 893 A.2d 735, 737-38 (Pa. Super. 2006); *Commonwealth v. McAfee*, 849 A.2d 270, 274-75 (Pa. Super. 2004).

A discretionary sentencing claim can only be reviewed by this Court provided that it is either preserved before the trial court in either an oral motion at sentencing, raised following the imposition of the sentence at issue, or in timely-filed post-sentence motion:

> Challenges to the discretionary aspects of sentencing are not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136, 1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue, we must determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at

sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief sufficiently addresses the challenge in a statement included pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006).

To properly preserve an issue challenging the discretionary aspects of sentencing, a defendant must object and request a remedy at sentencing, or raise the challenge in a post-sentence motion. ***Commonwealth v. McAfee***, 849 A.2d 270, 275 (Pa. Super. 2004). The Pennsylvania Rules of Criminal Procedure specifically caution defendants that, when filing post-sentence motions, "[a]ll requests for relief from the trial court shall be stated with specificity and particularity[.]" Pa.R.Crim.P. 720(B)(1)(a). ***See Commonwealth v. Tejada***, 107 A.3d 788, 798-99 (Pa. Super. 2015) (noting that the trial court must be given the opportunity to reconsider its sentence either at sentencing or in a post-sentence motion). ***See, e.g., Commonwealth v. Mann***, 820 A.2d 788, 793-94 (Pa. Super. 2003) (concluding that the defendant waived his discretionary aspects of sentencing claim regarding the sentencing court's failure to state the reasons for his sentence on the record where the defendant's post-sentence motion only argued that his sentence was unduly severe and that the trial court abused its discretion under the sentencing code).

***Commonwealth v. Clary***, 226 A.3d 571, 579 (Pa. Super. 2020); ***see also*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

Here, Appellant did not raise any claims about his sentence following the imposition of the terms of imprisonment and before the conclusion of the sentencing hearing. N.T. 1/31/22, 25-26. There is also nothing in the certified record reflecting that Appellant ever filed any post-sentence motions: the trial court's dockets in the underlying matters do not contain any entries reflecting the filing of post-sentence motions; the certified records do not contain post-

sentence motions; and no post-sentence motions are addressed in Appellant's brief or the revocation court's opinion. Accordingly, Appellant waived his claim, and we cannot address the merits of the issue. *See Commonwealth v. Moser*, 283 A.3d 850, 858 (Pa. Super. 2022) ("[Moser] has failed to preserve his challenge by objecting at sentencing or by filing a motion to reconsider and modify his sentence. Therefore, he has not properly invoked this Court's jurisdiction to review his claim."). The revocation court's efforts to address the claim on the merits in its Rule 1925(a) opinion does not save this claim being waived for purposes of our review. *See Commonwealth v. Tejada*, 107 A.3d 788, 799 (Pa. Super. 2015) (noting that prior decisions of this Court which found that discretionary aspects of sentencing claims can be preserved when raised for the first time in a Rule 1925(b) statement were overruled by implication), *citing Commonwealth v. Melendez-Rodriguez*, 856 A.2d 1278, 1288 (Pa. Super. 2004) (*en banc*) ("a party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order") (citation omitted).

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/06/2023